IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 2:18crt147-3 |
| | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER ALLEN BARDALL, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the Defendant, CHRISTOPHER ALLEN BARDALL, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Officer's Pre-Sentence Report ("PSR") and states he does not have any objections to the PSR that affect the advisory guideline range  In this pleading, Defendant also states his position with regard to the sentencing factors.

On September 20, 2018, a grand jury returned a seventeen (17) count indictment charging this Defendant and two (2) other individuals with, among other crimes, Conspiracy to Manufacture, Distribute, and Possession with Intent to Manufacture and Distribute Fentanyl, Heroin, and Cocaine in violation of 21 U.S.C. §846, 841(a)(1) and (b)(1)(B).

Specifically, this Defendant was indicted on Count One (1) of that indictment with Conspiracy to Manufacture, Distribute, and Possession with Intent to Manufacture and Distribute Fentanyl, Heroin, and Cocaine in violation of 21 U.S.C. §846, 841(a)(1) and (b)(1)(B), and Counts Three through Five (3-5) of that indictment, charging Distribution of Fentanyl in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C), Possession of Cocaine in violation of 21 U.S.C. §844, and Possession of Fentanyl in violation of 21 U.S.C. §844. On November 14, 2018, in accordance with the terms of a written Plea Agreement, the Defendant pled guilty to Count One (1) of the indictment in front of the Honorable Douglas E. Miller and this case was continued to March 5, 2019 for sentencing in front of The Honorable Mark S. Davis pending the completion of a presentence report. A presentence report in this matter was prepared and filed on January 14, 2019.

It should be noted that the penalty range for Conspiracy to Manufacture, Distribute, and Possession with Intent to Manufacture and Distribute Fentanyl, Heroin, and Cocaine in violation of 21 U.S.C. §846, 841(a)(1) and (b)(1)(B) is: a mandatory minimum term of five (5) years of incarceration, a maximum term of forty (40) years, a fine not to exceed $5,000,000, forfeiture of assets, a special assessment, and at least four (4) years of supervised release. See Plea Agreement. Defendant's guidelines are 120 to 168 months as mentioned in the PSR at Page 22, ¶ 75.

The Defendant respectfully submits that a sentence around the low end of the guideline range is appropriate and that this request is reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553.

## Objections

As required by the rules of this Court, the Attorney for the Government, Counsel for the Defense and United States Probation communicated regarding any objections to the presentence report and both counsel indicated there were none.

## 18 U.S.C. § 3553(a) – Factors to Consider at Sentencing

In determining the appropriate sentence to impose, this Court must follow the guidance of the United States Supreme Court in Gall vs. United States, 552 US 38, 50 (2007):

> *(The) district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.* (Citation and footnote omitted).

Analysis of the factors set forth in 18 USC §3553(a) support the result which defendant seeks. The general directive of 18 USC § 3553 requires the Court to formulate a sentence which is sufficient to accomplish the purposes of sentencing (explained below). As such, so long as this Court determines Mr. Bardall's sentence is sufficient as to him, his conduct and its place in the grand scheme of the justice system, the sentence is appropriate for purposes of 18 U.S.C. § 3553(a). The statute instructs the Court to consider the need for the sentence to (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *Id.* at (a)(2). In considering these goals of sentencing, the Court is instructed to consider the following factors.

### I. Nature and circumstances of the offense and the history and characteristics of the defendant. 18 USC §3553(a)(1)

Conspiracy to Manufacture, Distribute, and Possession with Intent to Manufacture and Distribute Fentanyl, Heroin, and Cocaine in violation of 21 U.S.C. §846, 841(a)(1) and (b)(1)(B) is certainly a serious offense that can have devastating consequences on individuals and families alike, which is why the Defendant took responsibility for his actions and pled guilty to the crime.

The following subparts are designed to address 18 U.S.C. § 3553(a)(1).

<u>Defendant's Criminal History</u>

As the Court can tell by the thorough PSR of U.S. Probation Officer Noll, Mr. Bardall has had involvement with the criminal justice system before. However, the involvement mainly consisted of traffic violations, and alcohol and drug related offenses. All of these things are

consistent with a person who has a drug addiction and is selling to support their habit. As to his felony convictions, it should be noted that the last one was when Mr. Bardall was 27. He is now 34. Mr. Bardall has been on probation for approximately fourteen (14) years and has had several probation violations stemming from a felony possession with intent to distribute marijuana that he was convicted of at age 20. Almost all of his probation violations were issued when Mr. Bardall either continued to abuse drugs and/or alcohol or failed to finish court ordered programs for drug and/or alcohol management. Mr. Bardall has never had any disciplinary issues in the Department of Corrections, according to Page 12 of the PSR, Paragraph 32.

<u>Characteristics of the Defendant</u>

The Defendant has a close family that he maintains contact with today. His mother has attended court hearings to show support. He had a tumultuous childhood with an emotionally abusive alcoholic father. This led Mr. Bardall to seek using substances as well, despite none of his siblings or mother having a substance abuse problem.

While Mr. Bardall has never been married, he does have one child, age 10. She resides with Mr. Bardall's paramour, Kim Cook, who is not the child's mother. The child's mother had serious drug use issues and lost custody of the child to Mr. Bardall, Mr. Bardall's mother and Ms. Cook. PSR page 19, ¶ 54-55.

<u>Defendant's Health</u>

Mr. Bardall's mental and physical health is discussed on Page 19 of the PSR. Mr. Bardall has not had any remarkable physical health issues, save for the usual broken bones. Mr. Bardall does appear to have an advanced addiction given the age he began using and the range of drugs and alcohol he was using daily per ¶ 58 of the PSR. As noted earlier with Mr. Bardall's

probation, it has been a recurring theme that the court has ordered him to complete drug/alcohol treatment, but Mr. Bardall has not been able to successfully complete these programs. He also as a teenager went to family counseling per ¶ 57 of the PSR.

### Family Circumstances

As explained earlier under "Characteristics of the Defendant," *supra*, Mr. Bardall does appear to have a close family despite having a rather tumultuous history with his father. He also has long-standing connections with those who he is not related to by blood, i.e., Kim Cook. It would seem that this support will continue despite his incarceration on these charges. It appears that he was very thoughtful and mindful about his daughter once caught on these charges in his acceptance of responsibility for his actions.

### The Nature of the Offense

Mr. Bardall pleaded guilty, signed a statement of facts and has accepted responsibility for his criminal acts. While acknowledging the clear violation of the law, Mr. Bardall will argue at the sentencing hearing that in consideration of the following factors, his proposed sentencing of at or within the sentencing guidelines would be appropriate.

**Need for the Sentence Imposed to Reflect the Seriousness of the Offense 18 USC § 3553(a)(2)(A)**

As mentioned above, Mr. Bardall certainly understands the seriousness of the offense and the fact that it can impact families and individuals alike. In his case unfortunately someone died while using a product that he was selling. Despite seeming like an individual problem on the surface, selling drugs can have a large impact on the community in the form of overdoses, parentless children, and overwhelmed hospitals, amongst other things. This is why Mr. Bardall

chose to accept responsibility for his actions promptly. He has maintained his respectfulness in this process to defense counsel, the government, the Court, and the probation officer. Additionally, Mr. Bardall's co-defendant, Mr. Darin M. Milligan, received a sentence within the guidelines in this case and is currently serving an active sentence of 84 months. His guidelines called for a sentence within the range of 78-97 months. Again, Mr. Bardall chose to plead guilty and accept responsibility because he inherently understands, from firsthand experience, how drugs can ravage the community and families alike.

**Adequate Deterrence to Criminal Conduct 18 USC § 3553(a)(2)(B)**

Mr. Bardall's behavior, while not unknown in his past criminal history, is something that can be easily deterred by the amount of incarceration he will receive here, even with a sentence within the guidelines. Mr. Bardall has never had any felony convictions for anything violent; in fact most of his felony convictions are probation violations on a possession with intent to distribute case that dated from when he was twenty (20) years old. Mr. Bardall's criminal history is consistent with a person who actively uses drugs and is selling to support their own habit. Mr. Bardall's guidelines range of 120 to 150 months will, by far, be the most active incarceration he has ever received. That alone should act as an adequate deterrent to him reentering the community and again attempting to sell or distribute narcotics.

### Protect the Public from the Defendant 18 USC § 3553(a)(2)(C)

In this instance, Mr. Bardall is no longer involved in this conduct due to his incarceration and the fact that all of the co-conspirators in this case are also incarcerated. As mentioned *supra*, Mr. Bardall was not the ringleader in this conspiracy. Instead, much like his co-defendant Mr. Milligan, Mr. Bardall has struggled throughout his life with drug and alcohol addiction and was

selling simply as a means to an end. He was selling to support his own habit. These facts, coupled with the restrictions of being placed on probation and subject to terms and conditions virtually obliterates the risk of future crime.

II. **Provision for the Defendant for training, care or treatment under 18 USC § 3553(a)(2)(D)**

Mr. Bardall would welcome the opportunity to complete any programs this Court deems necessary.

III. **Kinds of sentences available – 18 USC § 3553(a)(3):**

As mentioned *supra*, the penalty range for Conspiracy to Manufacture, Distribute, and Possession with Intent to Manufacture and Distribute Fentanyl, Heroin, and Cocaine in violation of 21 U.S.C. §846, 841(a)(1) and (b)(1)(B) is: a mandatory minimum term of five (5) years of incarceration, a maximum term of forty (40) years, a fine not to exceed $5,000,000, forfeiture of assets, a special assessment, and at least four (4) years of supervised release. See Plea Agreement. Defendant's guidelines are 120 to 150 months as mentioned in the PSR at Page 22, ¶ 75. Defense counsel concedes the guidelines are correctly computed.

V. **Relevant Guidelines – 18 USC § 3553(a)(4)**

The possible sentences and applicable guidelines are set forth in the PSR. The Defendant concedes they are calculated correctly.

VI. **Relevant policy statements. 18 USC §3553(a)(5)**

None known to the Defendant.

VII. **Need to avoid unwarranted sentencing disparities. 18 USC §3553(a)(6)**

As stated in this Position on Sentencing Paper throughout, Mr. Darin M. Milligan, Bardall's co-defendant in the matter and arguably the one closest to him in this conspiracy, received a sentence within the guidelines in this matter. His guidelines were 78 to 97 months' incarceration and he received a sentence of 84 months of active incarceration. Ms. Michelle R. Best, another co-defendant in this matter and the ringleader of the conspiracy, is set to be sentenced in this matter by the Honorable Mark S. Davis after Mr. Bardall. Mr. Bardall is more closely aligned with Mr. Milligan than Ms. Best because he promptly began cooperating with the government, pled guilty in an expeditious matter, and was selling to support his habit. Ms. Best actively attempted to block the investigation prior to pleading guilty and was the mastermind of this conspiracy. This Court should take note of the amount of active incarceration received by Mr. Milligan, as well as any aggravating or mitigating factors that may have gone into his guidelines calculation, such as culpability, criminal history, etc., in this case to avoid any sentencing disparities.

VIII. **Restitution. 18 USC §3553(a)(7)**

It does not appear that Mr. Bardall has any restitution he needs to pay in this matter.

## Conclusion

This Court is respectfully urged to impose a sentence at the low end or within the guidelines, but not greater than necessary to comply with the purposes of sentencing, as discussed *supra*. Mr. Bardall's co-defendant, Darin M. Milligan, received an active sentence of 84 months, which was within his sentencing guidelines range. Like Milligan, Mr. Bardall cooperated immediately and fully with the government in this case and accepted responsibility

for his actions. He has at all times been respectful to counsel, the court, the government, and the probation officer. Although the defendant must obviously accept the consequences of his behavior, he will be receiving a significant time of incarceration, more time than he has ever served in the past. Counsel would tell the court that it appears Mr. Bardall has a drug problem and was selling primarily to feed his own addiction. The Court can reasonably believe that the amount of active incarceration he will receive, followed by an appropriate amount of supervision, will serve as a deterrent to any future criminal behavior.

Respectfully submitted this 6th day of February, 2019.

CHRISTOPHER A. BARDALL

BY: _____/s/_____
Elizabeth M. Wood
Elizabeth M. Wood, P.C.
440 Monticello Ave., Ste. 1800
Norfolk, VA 23510
Phone: 757-870-3875
Fax: 757-301-0613
liz@elizabethwoodlaw.com

CERTIFICATE OF SERVICE

I certify that on this 6th day of February. 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to the following filing users:

John Butler, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number - 757-441-6689
Email- john.f.buter@usdoj.gov
*Attorney for the United States*

And I certify that I have sent the foregoing to the following non-filing user:

Jeffrey A. Noll
U.S. Probation Officer
600 Granby Street
Suite 230
Norfolk, Virginia 23510


_____/s/_____
Elizabeth M. Wood, Esq.
Elizabeth M. Wood, P.C.
440 Monticello Ave., Ste. 1800
Norfolk, VA 23510
Phone: 757-870-3875
Fax: 757-301-0613
liz@elizabethwoodlaw.com